# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **LEONEL NAVARRO RODRIGUEZ,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| **MERRICK B. GARLAND,** | § | **No.  3:25-CV-00420-LS** |
| **ATTORNEY GENERAL OF THE** | § | |
| **UNITED STATES; ALEJANDRO** | § | |
| **MAYORKAS, SECRETARY OF** | § | |
| **HOMELAND SECURITY;** | § | |
| **CHRISTOPHER W. DEMPSEY,** | § | |
| **ACTING FIELD OFFICE DIRECTOR;** | § | |
| **and ICE ERO, EL PASO FIELD** | § | |
| **OFFICE,** | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Leonel Navarro Rodriguez, proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in this Court.[1] In his petition, he requests that the Court vacate his final order of removal, issued on September 17, 2024.[2] Because the Court does not have jurisdiction to do so, the Court will deny the petition.

Petitioner seeks vacatur of his final removal order under Federal Rule of Civil Procedure 60(b), which allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for reasons such as mistake, inadvertence, surprise, or excusable neglect; a void judgment; or any other reason that justifies relief.[3] He argues that his removal process had

---

[1] ECF No. 2.

[2] *Id.* at 3.

[3] *Id.*

numerous procedural issues.[4] He also argues that he was involuntarily medicated during his removal proceedings.[5]

The REAL ID Act, passed in 2005, "has divested federal courts of jurisdiction over § 2241 petitions attacking removal orders."[6] Under the Act, "a petition for review with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal."[7] And "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order" and not via a habeas petition.[8] The Court concludes that it lacks jurisdiction to review or set aside Petitioner's final order of removal.

Further, habeas relief is only available for those "in custody in violation of the Constitution or laws or treaties of the United States."[9] Petitioner was already removed from the United States at the time he filed this petition.[10] An alien who has already been removed from the United States pursuant to a final order of removal is not considered "in custody" for the purpose of 28 U.S.C. § 2241.[11] As Petitioner is not in custody, habeas relief is not available to him.

For the foregoing reasons, Petitioner Leonel Navarro Rodriguez's petition for a writ of habeas corpus [ECF No. 2] is denied. All pending motions are denied as moot.

**SO ORDERED**.

---

[4] *Id.* at 4.
[5] *Id.*
[6] *Rosales v. Bureau of Immigr. and Customs Enf't*, 426 F.3d 733, 735–36 (5th Cir. 2005).
[7] 8 U.S.C. § 1252(a)(5).
[8] *Id.* § 1252(b)(9).
[9] 28 U.S.C. § 2241(c)(3).
[10] ECF No. 2 at 6; ECF No. 10 at 3.
[11] *Merlan v. Holder*, 667 F.3d 538, 539 (5th Cir. 2011).

SIGNED and ENTERED on February 5, 2026.

 

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**